**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF RVP CONSTRUCTION, INC. | CIVIL ACTION NO.16-1060 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTHONY GORDON CONSTRUCTION, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are: (1) a combined Motion to Strike Defendant Anthony Gordon Construction, Inc.'s ("AG") Answer and a Motion to Dismiss AG's Counterclaim by Plaintiff RVP Construction, Inc., ("RVP") (Record Document 68); (2) an appeal from Magistrate Judge Hayes' Order granting a Motion for Extension of Time for AG to obtain new counsel by RVP (Record Document 74); (3) a Motion to Enroll as Counsel for AG by several attorneys (Record Document 77); and (4) a Motion to Continue the Scheduling Order in the instant action by AG (Record Document 78).

**I.    RVP's Combined Motion to Strike and Motion to Dismiss**

In RVP's Motion to Strike and Motion to Dismiss, RVP makes the following argument: AG failed to obtain new counsel by the original court-imposed deadline for doing so, prejudicing RVP, and AG's failure to timely obtain counsel should result in issuance of a default judgment against AG and dismissal of its counterclaim against RVP. See Record Documents 68 and 68-2. RVP states that it has suffered prejudice in the discovery process because AG's former counsel withdrew just before the scheduled date for expert depositions. See Record Document 71 at 3-5. RVP also states that as a result

of the "meritless counterclaim" filed by AG, "RVP's surety has reduced RVP's bonding capacity as a result of the claim by $2.2 million." Id. at 3.

### II. RVP's Appeal of Magistrate Judge Hayes' Order Extending the Time for AG to Obtain New Counsel

In RVP's Response to the Motion for Extension of Time to Retain New Counsel and appeal from Magistrate Judge Hayes' Order granting AG an extension of time to obtain new counsel, RVP makes the following arguments: (1) because AG's insurance company filed the Motion on AG's behalf, the insurance company did not have standing to pursue such relief on behalf of AG; (2) the insurance company, Great American Insurance Company ("Great American"), failed to comply with local rules in seeking an extension of the deadline for obtaining new counsel; (3) Great American failed to show good cause for the extension of time for AG to obtain new counsel; and (4) the Motion for Extension of Time to Retain New Counsel should have been referred to the undersigned rather than to Magistrate Judge Hayes. See Record Documents 71 and 74.

### III. The Motion to Enroll as Counsel and Motion to Continue the Scheduling Order

On August 25, 2017, the deadline for obtaining new counsel under Magistrate Judge Hayes' extension of the original deadline for AG to obtain counsel, attorneys Philip Downer, Allison Jones, and Pamela Jones filed a Motion to Enroll as Counsel on behalf of AG. See Record Document 77. They also filed a Motion to Continue the Scheduling Order in the instant Action, seeking the continuance on the ground that it is needed to familiarize themselves with the case and the "voluminous" materials they are receiving related to the case. Record Document 78. The proposed new counsel for AG also seek a scheduling conference in this Motion. See id. RVP filed a Response to AG's Motion to

Continue the Scheduling Order, arguing that the Motion is procedurally improper because the Motion to Enroll as Counsel has not yet been granted and restating several of the arguments made in its other filings. See Record Document 80.

IV.     **Analysis of Pending Motions**

RVP's filings raise valid issues. AG did miss the original deadline that Magistrate Judge Hayes imposed for AG to obtain new counsel. See Record Document 65. Assuming that RVP's assertions regarding the prejudice it has suffered are true, RVP has suffered some prejudice from AG's failure to timely obtain new counsel. Finally, it is generally true that a party cannot seek relief on behalf of another, unrepresented party.

However, even considering such prejudice, RVP seeks a very drastic remedy–striking AG's answer (permitting a default judgment to be taken against AG) and dismissing AG's counterclaim against RVP–in response to AG's failure to timely obtain counsel. See Record Documents 68, 68-2, 71, 74, and 80. Striking a party's pleadings is "a drastic remedy to be resorted to only when required for the purposes of justice." Spurgeon v. Leleux, 2017 U.S. Dist. LEXIS 3602 at *3 (W.D. La. 2017), quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962). Courts are necessarily vested with inherent control "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Renobato v. Compass Bank Corp., 480 Fed. Appx. 764, 767 n.2 (5th Cir. 2012). "Dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004). "The appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." Id. at 874. Appeals from a Magistrate Judge's decisions on non-dispositive

matters are reviewed under a very deferential standard of review, in which the magistrate's decision will not be overturned unless it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Local Rule 74.1.

In the exercise of the Court's control over its docket and its discretion in determining how to deal with unrepresented corporations, the Court finds that imposing the drastic sanction of striking AG's answer and dismissing its counterclaim is unwarranted under these facts. Though AG did fail to obtain counsel by the original deadline, it did obtain counsel by the second deadline set by Magistrate Judge Hayes, which was about one month after the original deadline. The Court finds that though RVP may have suffered some prejudice from AG's procedural failure, this prejudice and the magnitude of AG's failure does equal the prejudice to AG that would result from the harsh sanction of striking AG's answer and dismissing its counterclaim, depriving AG of the opportunity to present the merits of its claims and defenses.

The Court also finds that Magistrate Judge Hayes' decision to grant an extension of time for AG to obtain new counsel was neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a). Even if the Magistrate Judge's decision to grant the extension was clearly erroneous or contrary to law because AG's insurance company sought the extension on AG's behalf, the Court independently finds that, in the exercise of its inherent control over the Court's own affairs, the extension served the interests of justice in this case.

Finally, the Court finds that, in the exercise of its inherent control over the Court's own affairs, permitting the proposed new counsel to enroll on behalf of AG also serves the interests of justice. Continuing the scheduling order and referring the matter to

Magistrate Judge Hayes for a scheduling conference will help to move the case along and afford AG's attorneys enough time to familiarize themselves with the case.

Accordingly,

**IT IS ORDERED** that:

1) RVP's combined Motion to Strike AG's Answer and Motion to Dismiss AG's Counterclaim (Record Document 68) be and is hereby **DENIED**;

2) RVP's appeal from Magistrate Judge Hayes' Order granting a Motion for Extension of Time for AG to obtain new counsel by RVP (Record Document 74) be and is hereby **DENIED**;

3) the Motion to Enroll as Counsel for AG (Record Document 77) is **GRANTED**; and

4) the Motion to Continue the Scheduling Order in the instant action by AG (Record Document 78) be and is hereby **GRANTED**.

The instant action is hereby **REFERRED** to Magistrate Judge Hayes for a scheduling conference.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 29th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE